JOHN S. CLAPP, Plaintiff

v.

COLUMBUS BAY CORPORATION, HAROLD G. HOLCOMBE, JR.,
and JOHN B. FAILE, Defendants

Civil No. 105-1961

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

February 18, 1964

*Same case on appeal, see p. 622, this volume.*

YOUNG, ISHERWOOD and MARSH, Christiansted, St. Croix, Virgin Islands, *for plaintiff*

A. CUYLER TEN EYCK, JR., Christiansted, St. Croix, Virgin Islands, *for defendants*

GORDON, *District Judge*

[*In the absence of opinion, the findings of fact, conclusions of law and judgment in this case are set out below.*]

The above entitled cause having come on for hearing on June 5, 1962 and October 18, 1962 and the Court having duly considered the evidence and being advised in the premises finds as follows:

### FINDINGS OF FACT

(1.) On or before August 6, 1958, the plaintiff, John S. Clapp was the principal stockholder of the defendant, Columbus Bay Corporation. The sole asset of Columbus Bay Corporation was Parcel No. 15 of Estate Montpelier, St. Croix, Virgin Islands.

(2.) On August 13th, 1958, the plaintiff as president of Columbus Bay Corporation, entered into a written "Land Purchase Agreement" with the defendant, Harold G. Holcombe and one Robert Lodge agreeing to sell to them Par-

cel No. 15 of Estate Montpelier. This agreement was subsequently superseded by an agreement entitled "Revised Agreement of the Sale and Purchase of Corporate Stock". The "Revised Agreement" was executed on March 26, 1959, at the request of and for the economic benefit of the plaintiff. The parties intended the two contracts to be identical except that the first agreement called for the sale of the land whereas the second agreement called for the sale to the defendant Holcombe of all of the stock of Columbus Bay Corporation.

(3.) On July 7, 1961, the defendant Holcombe as president of Columbus Bay Corporation executed a written agreement to sell the entire property to the defendant Faile.

(4.) The complaint in this action alleges that the "Revised Agreement" by and between plaintiff, John S. Clapp and defendant, Columbus Bay Corporation did not permit the sale of the land as a whole to the defendant Faile, and did not authorize or permit voting of shares of the corporation in favor of sale of the entire assets of the corporation as a whole. Plaintiff contends that the contract required that sales of land be made in development parcels per acre, with full accounting to the plaintiff of price, terms and right to share in proceeds of each sale in excess of a stated price per acre; and that the right to vote the shares of stock of Columbus Bay Corporation was limited to authorization of transactions as contemplated by the contract. Plaintiff seeks to void and cancel a deed of conveyance by the defendant Columbus Bay Corporation to the defendant Faile.

The Court finds that the intent of the parties as embodied in the contract was that the restrictions and/or covenants apply only in the event that the full purchase price recited in the contract should not have been paid; that the purpose of the restrictions and/or covenants was

solely to secure the plaintiff Clapp as to balance of the purchase price.

(5.) That the full purchase price as called for by the agreement of the parties was tendered by the defendant, Harold G. Holcombe and rejected by plaintiff Clapp prior to the execution of the said agreement by and between Columbus Bay Corporation and John B. Faile to sell the property as a whole to Faile. The tender thereof was refused upon the ground that a certain survey necessary to ascertain the exact purchase price was inaccurate.

(6.) The basic purchase price recited in the "Revised Agreement" was One Hundred Forty Thousand (140,000) Dollars, which was subject, however, to revision or to additional compensation based upon the following formula:

"COMPUTATION OF ACCURATE AREA. In the event that any survey undertaken at the order and expense of Buyers discloses a total area for Remainder Parcel 15 (including the roadway and one acre park site dedicated to the public):

(a.) Less than SIXTY-FIVE (65) U. S. acres, then the stated price, as set forth in paragraph 2, above, shall be reduced by an amount which shall be computed by multiplying $2,000 by the number of acres (including fractions thereof) which the corrected area of the land falls short of 65 acres; or

(b.) More than SEVENTY-FIVE (75) U. S. acres, then the stated price, as set forth in paragraph 2 above, shall be increased by an amount which shall be computed by multiplying $2,000 by the number of acres and fractions thereof by which the corrected area exceeds 75 acres.

(c.) The reduction or increase to the stated price shall be applied to the last installment of principal due hereunder."

The defendant Holcombe engaged a licensed surveyor to make a survey of the property as required under the terms of the contract and such survey was recorded in the Department of Public Works as Public Works Drawing No. 1080 on June 23, 1961. It was upon the basis of this survey that a full tender of the balance of the purchase price was made to the plaintiff on June 28, 1961. The plaintiff subsequently engaged another licensed surveyor to make a second survey of the property. The second survey was recorded by the Public Works Department as Public Works Drawing No. 1129 on September 1, 1961. The second survey showed a total of 68.5280 U. S. acres whereas the first survey showed only 51.5011 U. S. acres.

(7.) The large discrepancy between the two surveys each one of which was conducted by a licensed surveyor was due to the fact that the property involved is surrounded on three sides by water and the second survey is based upon the acreage existing at mean low water. A great deal of the peripheral area of the property is low marsh land and thus even a slight rise and fall of the tide can make a substantial difference in acreage involved.

(8.) That by reason of an objection to the second survey by an adjacent land-owner, the defendant, John B. Faile, filed a declaratory judgment action being Cause No. 84-1961 to have the Court declare his rights in this additional land and other relief, and deposited with the Clerk of the Court at the time of the commencement of such action, the difference in the price as called for in the formula in the event the acreage was over 51.5011 acres. The amount deposited with the Clerk of the Court was correct as called for in the formula assuming the acreage was at least 65 acres and not more than 75 acres.

(9.) The purchase price called for under the "Revised Agreement" has been fully paid either to the plaintiff, Clapp, or to the Clerk of the Court.

553

(10.) That a Deed was executed and delivered by Columbus Bay Corporation to the defendant, John B. Faile and was recorded on September 22, 1961.

(11.) The parties to this action have stipulated as of October 18th, 1962, that the second survey is correct among them.

## CONCLUSIONS OF LAW

■ ■ (1.) The second agreement between the parties dated March 26, 1959, is and should be interpreted as being identical with the first agreement between the parties dated August 13, 1958, with the exception of the subject matter of the sale. Even if they were not so construed, it would be inequitable to allow the plaintiff to take advantage of any change of language in the second contract for the reason that said contract was entered into solely for his accommodation.

■ (2.) The wording of the "Revised Agreement" as viewed from the four corners of the instrument and in the light of all of the circumstances is interpreted such that the limitations on the sale of Parcel No. 15 of Estate Montpelier are null and void at such time as the balance of the purchase price is paid.

■ (3.) The tender of the balance of the purchase price made in June 1961 was the correct amount at the time made.

■ (4.) Payment into the Clerk of the Court by the defendant, John B. Faile, for the benefit of the plaintiff, John S. Clapp, eliminates any issue as to the amount of the balance tendered.

■ (5.) As among the parties to this action title to Parcel No. 15 of Estate Montpelier, the land in controversy, is in the defendant, Faile, free and clear of any rights in any other parties to this action.

Therefore, it is hereby ORDERED AND ADJUDGED that the plaintiff's complaint be and is hereby dismissed and that defendants have costs taxed in the amount of $307.00 By Clerk and reasonable attorney's fees in the amount of $500.00.

Judgment is hereby entered accordingly.